

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2004

# Kerusenko v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kerusenko v. New Jersey" (2004). *2004 Decisions.* Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3556

_____

YAKOV KERUSENKO, Husband and Father;
GALINA KERUSENKO, Wife and Mother;
SERGEY KERUSENKO, Son and Brother;
ANATOLY KERUSENKO, Son and Brother;
TANIA KERUSENKO, Daughter and Sister,

Appellants

v.

THE STATE OF NEW JERSEY; NEW JERSEY STATE POLICE;
CARL A. WILLIAMS, JR.; SUPERINTENDENT COLONEL;
NUMEROUS JOHN DOE; JANE DOE, FICTITIOUSLY NAMED
INDIVIDUAL LAW ENFORCEMENT OFFICERS
OF STATE POLICE; ADAM SHUBSDA, TPR. I;
ED CENTAR, TRP. I; DAVE MEYER, TRP. I;
JEFF ALGOR, TRP. I; BRIAN MCPHERSON, TRP. I;
PAUL KARAGIAS, TRP. I; T. DREHER, LT.;
V. PARENTI, DET. I; R. TOBOLSKI, DET. I;
W. RIGGINS, DET. I; M. ROWE, DET. I; D. ELWELL, DET. I;
M. PARMENTER, DET. I; A. MERLOCK, DET. I; F. PAPP, DSFC;
W. ROBB, DET. I; E. CZELATKO, DET. I; K. KALTON, DET. I;
L. KINKLE, DET. I; D. SANTIAGO, INV.;
T. BEEBE, DET.; M. CICHOWSKI, SA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cv-01252)
District Judge:  Honorable Joseph H. Rodriguez

_____

Argued October 26, 2004

Before:  SCIRICA, *Chief Judge*, FISHER and BECKER, *Circuit Judges*.

(Filed: November 18, 2004)

Vincent J. Pancari
Kavesh, Pancari, Tedesco & Pancari
727 Landis Avenue
Vineland, NJ  08360

Anthony J. Fiola (Argued)
311 Landis Avenue
Vineland, NJ 08360
        *Attorneys for Appellants*

Vincent J. Rizzo, Jr. (Argued)
Office of Attorney General of New Jersey
Department of Law & Public Safety
Richard J. Hughes Justice Complex
Trenton, NJ  08625

Daniel F. Dryzga, Jr.
Office of Attorney General of New Jersey
Division of Law
25 Market Street
Trenton, NJ  08625
        *Attorneys for Appellees*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellants Yakov, Galina, Sergey, Anatoly, and Tania Kerusenko (the

"Kerusenkos") appeal the district court's order granting summary judgment in favor of

the Appellees V. Parenti and M. Parmenter.  Specifically, the Kerusenkos allege that

2

Appellees Parenti and Parmenter were not entitled to the defense of qualified immunity, and additionally, that the Kerusenkos' claims were not time-barred by the applicable statute of limitations. We will affirm the district court's grant of summary judgment on the basis of qualified immunity and accordingly, do not reach the statute of limitations issue.

Because this is an appeal from summary judgment, we view the facts in the light most favorable to the non-moving party. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). Nevertheless, as we write only for the parties, we will recite a minimum of facts. This case, brought under 42 U.S.C. § 1983, arose from the execution of a search warrant issued in connection with a murder investigation by the New Jersey State Police. The Kerusenkos allege that the Appellees knowingly violated the Kerusenkos' clearly established Fourth Amendment rights and had knowledge of and acquiesced in the actions of their subordinates in violating these rights pursuant to the execution of a search warrant. Specifically, the Kerusenkos allege:

> [T]he law enforcement officers, under the supervision of [Appellees Parenti and Parmenter], stayed on the premises for seven and one quarter hours, during which time they kept a family that they knew to be no more than victims of circumstance in handcuffs for several hours, in their underwear in plain sight of each other and of numerous law enforcement officers in spite of pleas to allow them to be covered. At least one of the officers insulted Tania Kerusenko. Defendants even left the trash from their lunch.

(Appellants' Brief at 21.)

3

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Torres v. United States*, 200 F.3d 179, 184 (3d Cir. 1999); *Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir. 1997). In order to determine whether an official is entitled to qualified immunity, the court must answer this threshold inquiry: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). Assuming this inquiry is satisfied and a constitutional right has been violated, it must then be determined whether the right violated was "clearly established." *Id.*

As to the initial inquiry, viewing the facts in the light most favorable to the non-moving party, it appears that the Kerusenkos' Fourth Amendment rights have been violated. In *Leveto v. Lapina*, this Court found that an eight hour search conducted pursuant to an investigation for tax evasion where the plaintiff was detained at his place of business, restricted in his communication with others during the search, and interrogated during a period of six hours was unreasonable and amounted to a violation of the plaintiff's Fourth Amendment rights.[1] 258 F.3d 156, 172-73 (3d Cir. 2000).

---

[1]*Leveto* nonetheless concluded that it was not clearly established that such a lengthy detention would be unwarranted in a search for evidence and therefore granted

Although there are some notable differences between the search executed in *Leveto* and that of the Kerusenko residence, the *Leveto* holding nonetheless suggests that the manner of execution of the search warrant at the Kerusenko residence was unreasonable and violative of the Kerusenkos' Fourth Amendment rights.[2]

Nevertheless, based upon the timing of the *Leveto* decision, it does not appear that it would have been "clear to [the Appellees] that [their] conduct was unlawful." *Saucier*, 533 U.S. at 202. The warrant to search the Kerusenko residence was issued and executed more than two years prior to this Court's decision in *Leveto*. (App. 75-79). As a result, the Appellees Parenti and Parmenter would not have had notice of the *Leveto* decision and the unlawfulness of their conduct at the time of the execution of the search warrant. Nor did the decision of the New Jersey intermediate appellate court in *Gurski v. State Police Department* provide notice to the Appellees of the unlawfulness of their conduct in this case. 576 A.2d 292 (N.J. Super. Ct. App. Div. 1990). In *Gurski*, the officers destroyed personal property, used the telephone without permission, "'frolicked'" on the lawn, used abusive language, directed sarcastic comments at and frightened the

---

qualified immunity. 258 F.3d at 173-74 (citing *Michigan v. Summers*, 452 U.S. 692, 705 (1981)).

[2]In *Torres*, this Court found that the officers' conduct was reasonable and did not constitute a Fourth Amendment violation. Though there are many analogies to *Torres*, the manner of the search in *Torres* was less intrusive than in the instant case based on the duration of the search; the fact that only Torres, the target of the search, was handcuffed; and the fact that the rest of the family was allowed to get dressed after the home was secured. 200 F.3d at 192. These factors lead us to distinguish *Torres* and to find that the manner of search of the Kerusenko residence constitutes a Fourth Amendment violation.

5

inhabitants of the house, helped themselves to refreshments and dryfired weapons "in full view of the neighbors." *Id.* at 299. Appellees' conduct here cannot be equated to that of the officers in *Gurski*.

As a result, because neither this Court's *Leveto* decision nor the New Jersey court's *Gurksi* decision provided notice to the Appellees that their conduct violated the Kerusenkos' Fourth Amendment rights, it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Accordingly, Appellees Parenti and Parmenter are entitled to qualified immunity.

For these reasons, we will affirm the district court's orders granting summary judgment to Appellees Parenti and Parmenter.

_____